[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12621
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00086-CV-WLS-1

JOHN J. ELEY,
LORI A. ELEY,

Plaintiffs-Appellants,

versus

BAPTIST HOSPITAL WORTH COUNTY INCORPORATED,
M.D. EDWIN ADOLFO HERRERA, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 12, 2006)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellants, Dr. John L. Eley ("Eley") and Lori A. Eley (referred to collectively as "the Eleys"), appeal the district court's order granting summary judgment to defendants/appellees, Baptist Hospital Worth County, Inc. ("the hospital"), Dr. Edwin Adolfo Herrera ("Dr. Herrera"), and various nurses and hospital employees, on the Eleys' claim of medical malpractice. Eley alleges that the defendants' acts and omissions while he was in the hospital caused him to develop reflex sympathetic distrophy n/k/a complex regional pain syndrome – type I ("RSD"). Eley also alleges that the RSD has rendered him permanently injured and permanently disabled. In support of his claim, Eley presents testimony from four medical experts: Nancy Moureau, a licensed registered nurse, Dr. Richard Hoffman, a psychologist, Dr. Robert Schelper, a pathologist, and Dr. Anthony Kirkpatrick, a pain management specialist.

## DISCUSSION

The district court granted summary judgment to the defendants on the basis that the Eleys did not present any admissible expert testimony that Eley's RSD was caused by defendants' negligence. We review *de novo* the district court's order granting summary judgment, applying the same legal standards that bound the district court. *Giddens v. Equitable Life Assurance Soc'y of the U.S.*, 445 F.3d 1286, 1292 n. 4 (11th Cir. 2006).

2

In a diversity case , liability is determined in accordance with the law of the state where the alleged wrong occurred. *See* 28 U.S.C. § 1332; *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). Georgia law controls this case because it is a case of medical malpractice where the alleged tortious acts were committed in Georgia. To make a claim for medical malpractice in Georgia, a plaintiff must prove: "(1) the duty inherent in the health care provider-patient relationship; (2) breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure is the proximate cause of the injury sustained." *Smith v. Am. Transitional Hosps., Inc.*, 330 F. Supp. 2d 1358, 1361 (S.D. Ga. 2004) (quoting *Knight v. West Paces Ferry Hosp., Inc.*, 585 S.E.2d 104, 105, 262 Ga. App. 220 (Ga. App. 2003)). In order to prove the causation prong, a plaintiff must present expert medical testimony. *See Smith*, 330 F. Supp. 2d at 1363.

The record demonstrates that the Eleys failed to present the requisite credible expert testimony to support proof of causation, and they are therefore unable to establish a prima facie case of medical malpractice against the defendants. At most, the Eleys' nurse expert opines that the IV therapy was improperly administered under established standards. However, the Eleys do not present competent medical expert opinion that the improper administration of the

IV therapy was a cause of Eley's RSD. Accordingly, we affirm the district court's grant of summary judgment in favor of the defendants.

AFFIRMED.